UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LEO W. DESMOND, individually,

    Plaintiff,

v.

REDLINE RECOVERY SERVICES, LLC,
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  Simply put, in its telephonic efforts to collect a consumer debt from Plaintiff, Defendant failed to disclose the purpose of its call to Plaintiff, its identity as a debt collector, and the name of the entity it works for, all of which are federally mandated requirements of debt collectors pursuant to the FDCPA.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, LEO W. DESMOND ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida; Plaintiff is a "consumer" as that term is defined in the FDCPA.

4. Defendant, REDLINE RECOVERY SERVICES, LLC, ("Defendant"), is a foreign limited liability company doing business in Georgia, New York, and Texas whose principal place of business is 11675 Rainwater Drive, Suite 350, Alpharetta, GA 30009.

5. Defendant is vicariously liable for the actions of any employees of REDLINE RECOVERY SERVICES, LLC, to the extent that the actions taken by said employees were in an attempt to collect a consumer debt from Plaintiff. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is a "debt collector" as defined in the FDCPA and specializes in utilizes its telephonic capabilities to collect upon charged off credit card debt according to the statements contained on its website. (website address: http://www.rrs-llc.com)

9. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect an alleged defaulted upon credit card debt from Plaintiff; said credit card having been used by Plaintiff to purchase consumer goods, such as: food, clothing, and travel-related expenses.

11. Defendant and/or one of Defendant's employees left the following message on Plaintiff's voice mail on or about the date stated:

> *July 29, 2011*
> *Hello, this message is intended for Leo Desmond, if someone will please have Leo give Jeremy McGlasker a call back today. Leo, my number is 866-489-4014 and my extension is 133, if possible Leo, would you please give me a call back today by 2 o'clock p.m. central time, I'd (inaudible) appreciate it - thank you.*

12. Based upon information and belief, Defendant left similar or identical messages on other occasions within the year of the filing of this complaint. (Collectively, "the telephone messages").

13. The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2).  See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14. Defendant failed to inform Plaintiff that the communication was from a debt collector, failed to disclose the name of the entity it works for, and failed to disclose the purpose of Defendant's messages.

15. Based upon information and belief, Defendant knew it was required to disclose that it is a debt collector, the name of the entity it works for, and the purpose of its communication in telephone messages to Plaintiff.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

16. Plaintiff incorporates Paragraphs 1 through 15.

17. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006); *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006); *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

18. Plaintiff incorporates Paragraphs 1 through 15.

19. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose that it is a debt collector, the name of the entity it works for, and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a. Damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

### **JURY DEMAND**

Plaintiff demands trial by jury.

Dated this 16th day of July, 2011.

    SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff Leo W. Desmond*
2000 E. Oakland Park Blvd., Suite 106
Ft. Lauderdale, FL 33306
Telephone: 954-306-8104

Facsimile:  954-337-0666
scott@scottdowens.com


By:/s/ Scott D. Owens
   Scott D. Owens, Esq.
   Florida Bar No. 0597651